# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| LEO B. BUNKER, <br><br> Petitioner, <br><br> v. <br><br> JERI BOE, <br><br> Respondent. | CASE NO. C18-5243 BHS <br><br> ORDER ADOPTING REPORT AND RECOMMENDATION IN PART AND REFERRING FOR FURTHER CONSIDERATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge, Dkt. 11, and Petitioner Leo Bunker's ("Bunker") objections to the R&R, Dkt. 12.

On September 12, 2018, Judge Christel issued the R&R recommending that the Court deny part of Bunker's claim on the merits and the other part because the partial claim is unexhausted and procedurally defaulted. Dkt. 11. On September 23, 2018, Bunker filed an untimely reply, which the Court will treat as objections to the R&R. Dkt. 12.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or

ORDER - 1

modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

In this case, Bunker identifies a ground for relief that neither the Government nor Judge Christel addressed and fails to assert a valid objection to the other grounds for relief. First, Bunker argues that his due process rights were violated by the prosecutor's statements during trial. Dkt. 12 at 13–17. Looking back to his petition, he included this ground as a ground for relief that had not been presented in state or federal court. Dkt. 3 at 11. Bunker alleges that the prosecutor withheld evidence that proves his wife was lying about the rapes and that the prosecutor did not produce this evidence until after trial. *Id.* Without any argument from the Government on this issue, the Court declines to *sua sponte* evaluate the claim. Instead, the Court will refer the matter for further consideration of this ground for relief.

Second, Bunker argues that he is entitled to a new trial based on his ineffective assistance of counsel claims. Dkt. 12 at 18–44. Although Bunker argues the merits of his claims, he fails to show any error in Judge Christel's R&R. Bunker's claim based on failing to call witnesses is unexhausted and procedurally barred. Dkt. 11 at 8–13. Bunker's claim based on the failure of his counsel to impeach the victim with her phone records fails on the merits because he fails to show that the state court erroneously concluded that his counsel's decisions were sound trial strategy. *Id.* at 14–19.

Therefore, the Court having considered the R&R, Bunker's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED in part**;

(2) Bunker's first ground for relief is **DENIED** in part because it is unexhausted and procedurally barred and in part because it fails on the merits; and

(3) The matter is referred for further consideration of Bunker's additional ground for relief based on a violation of his due process rights. Dkt. 3 at 11.

Dated this 13th day of December, 2018.

BENJAMIN H. SETTLE
United States District Judge