UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LEO B. BUNKER,

Petitioner,

v.

JERI BOE,

Respondent.

CASE NO. 3:18-cv-05243-BHS-DWC

REPORT AND RECOMMENDATION

Noting Date: March 15, 2019

The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner Leo B. Bunker, proceeding *pro se* and *in forma pauperis*, filed his federal habeas Petition pursuant to 28 U.S.C. § 2254, seeking relief from his incarceration pursuant to several state court convictions. Dkt. 3.

The Honorable Benjamin H. Settle, the District Judge assigned to this case, previously denied Ground 1 of the Petition. *See* Dkt. 13. However, Judge Settle re-referred the case to the undersigned with instructions to make a determination as to a second habeas ground, a ground alleging prosecutorial misconduct not clearly labeled in Petitioner's Petition and not previously addressed by Respondent ("Ground 2"). Dkt. 13. The Court finds Ground 2, that the prosecutor

at Petitioner's trial committed prosecutorial misconduct by failing to disclose exculpatory or impeachment evidence, is unexhausted and procedurally barred, and Petitioner has not shown cause and prejudice that would allow the Court to excuse the procedural bar. Accordingly, the Court recommends Petitioner's Petition be denied and a certificate of appealability be denied.

<u>BACKGROUND</u>

**I.    Factual Background**

After an appeal and re-sentencing, Petitioner was convicted of two counts of rape in the second degree, one count of felony harassment, and two counts of violating a no-contact order ("VNCO"). Dkt. 8, Ex. 6.

In Ground 2, Petitioner contends the prosecutor at his trial committed prosecutorial misconduct by failing to disclose exculpatory or impeachment evidence. Dkt. 3. Ground 2 is set forth in the response Petitioner provided to a question on the §2254 form asking the following: "[i]s there any ground in this petition that has not been presented in some state or federal court?" Petitioner responded:

> [Prosecutorial misconduct]. Because I don't know what I'm doing I have no idea how to do any of this. With no help I'm just lost as to what I'm doing. The [prosecutor] had my wife's phone records or part of them and did not release them to us until after the trial. These records [prove] my wife is lying about the times she claims this happened. She wasn't even home at the time she claims this happened. Had the jury been able to see these records the outcome would have been different.

Dkt. 3, p. 11.

The state courts did not directly address the facts underlying Ground 2 when they made their rulings, either on direct appeal or after Petitioner filed his Personal Restraint Petition ("PRP"), because Petitioner did not raise Ground 2 until he filed his Petition for Discretionary Review with the Washington State Supreme Court. *See* Dkt. 8, Exs. 26, 35. Thus, the state court decisions do not contain any relevant facts regarding Ground 2. A summary of the factual

background is contained in the Report and Recommendation filed on September 12, 2018. Dkt. 11.

## II.    Procedural History

### A.    Direct Appeal

Petitioner filed a direct appeal of his convictions, raising eight grounds for relief, none of which relate to this Petition. Dkt. 8, Ex. 9. He also filed a *pro se* Statement of Additional Grounds ("SAG"), raising nine additional arguments, including, in pertinent part, a claim of prosecutorial misconduct that is different from Ground 2. *Id*., Ex. 10. On January 13, 2015, the Washington State Court of Appeals issued an unpublished opinion affirming Petitioner's convictions in part and reversing in part. *Id*., Ex. 12. That court reversed one of Petitioner's convictions for VNCO, and further accepted the State's concession of error regarding the trial court's community custody conditions. *Id*. at pp. 9-11, 18-19. The state court of appeals affirmed Petitioner's other convictions and remanded to the trial court for entry of an amended judgment and sentence. *Id*. at p. 22. Neither party sought review by the state supreme court and the state court of appeals issued its mandate on April 9, 2015. *Id*., Ex. 15.

### B.    Appeal Following Remand

On remand, the trial court issued an order vacating Petitioner's Felony Judgment and Sentence, Dkt. 8, Ex. 16, and issued a new Felony Judgment and Sentence on May 8, 2015, *Id*., Ex. 17. The new Felony Judgment and Sentence sentenced Petitioner to 400 months in prison and omitted his reversed VNCO conviction. *Id*. Petitioner again appealed to the state court of appeals, but did not raise any prosecutorial misconduct claims, *Id*., Ex. 18, and the state court of appeals affirmed his convictions, *Id*., Ex. 20. The parties did not seek review from the state supreme court, and the state court of appeals issued its mandate on August 25, 2016. *Id*., Ex. 21

C. <u>Personal Restraint Petition</u>

Petitioner filed a pro se PRP with the state court of appeals, raising two grounds: (1) the trial court erred in not admitting L.H.'s cell phone records and text messages between Petitioner and L.H.; and (2) he received ineffective assistance of counsel when trial counsel failed to use L.H.'s cell phone records and text messages to impeach L.H. Dkt. 8, Ex. 22. The state court of appeals dismissed Petitioner's PRP on the merits. *Id*., Ex. 26. Petitioner filed a Motion for Discretionary Review with the state supreme court, raising two grounds: (1) he received ineffective assistance of counsel because trial counsel failed to impeach L.H. with the her cell phone records and text messages between her and Petitioner; and (2) he received ineffective assistance of counsel because trial counsel failed to conduct a reasonable investigation that would have led to impeachment evidence against L.H. from witnesses Engelbertson, McKnight, Addkins, and Armstrong. *Id*., Ex. 29. Petitioner also raised Ground 2 for the first time, namely that the prosecutor at trial committed misconduct by failing to provide exculpatory or impeachment evidence to the defense. *Id*.

The Washington Supreme Court Commissioner ("Commissioner") denied review, analyzing Petitioner's claim that trial counsel was ineffective when he failed to use L.H's cell phone records and text messages to impeach L.H. on the merits. *Id*., Ex. 35. However, the Commissioner declined to analyze whether trial counsel was ineffective when he failed to adequately investigate several other witnesses that could have provided valuable impeachment evidence against L.H. because it had been raised for the first time in Petitioner's Motion for Discretionary Review. *Id*. For the same reason, the Commissioner declined to analyze Ground 2,

1    whether the prosecutor had committed misconduct at trial. *Id*. A Certificate of Finality was

2    issued, indicating the decision became final on December 7, 2017. *Id*., Ex. 36.

3        D.  Federal Petition

4        On March 26, 2018, Petitioner filed this Petition. Dkt. 1. He explicitly raised one ground

5    containing two subgrounds, claiming he received ineffective assistance of counsel because: (1)

6    trial counsel failed to use L.H.'s cell phone records and text messages between Petitioner and

7    L.H. to impeach L.H.; and (2) trial counsel failed to adequately investigate several other

8    witnesses that could have provided valuable impeachment evidence against L.H. Respondent

9    filed a Response, arguing Petitioner's second subground was unexhausted, and addressing his

10   first subground on the merits. Dkt. 6. The Court ordered supplemental briefing, asking

11   Respondent to clarify whether the allegedly unexhausted second subground was procedurally

12   defaulted, whether Petitioner had filed a mixed petition, or whether the Court could otherwise

13   make a determination as to the unexhausted subground. Dkt. 9. Respondent filed supplemental

14   briefing, contending the unexhausted subground is procedurally defaulted, and further arguing

15   that it fails on the merits. Dkt. 10.  Petitioner did not file supplemental briefing by the deadline

16   ordered by the Court, but did file objections after the Court entered its Report and

17   Recommendation.  Dkt. 12.

18       E.  The Court's Previous Report and Recommendation

19       On September 12, 2018, the Court entered a Report and Recommendation recommending

20   Petitioner's Petition be denied. Dkt. 11. The Honorable Benjamin H. Settle adopted that Report

21   and Recommendation dismissing Ground 1, but re-referred the case for consideration of Ground

22   2. Dkt. 13.  In light of Judge Settle's Order, the Court directed the Parties to provide

23

24

1  supplemental briefing and both Petitioner and Respondent have now submitted supplemental

2  briefing. Dkts. 14, 15, 16.

3  <u>STANDARD OF REVIEW</u>

4       Pursuant to 28 U.S.C. § 2254(d)(1), a federal court may not grant habeas relief on the basis

5  of a claim adjudicated on the merits in state court unless the adjudication "resulted in a decision

6  that was contrary to, or involved an unreasonable application of, clearly established federal law, as

7  determined by the Supreme Court of the United States." In interpreting this portion of the federal

8  habeas rules, the Supreme Court has ruled a state decision is "contrary to" clearly established

9  Supreme Court precedent if the state court either (1) arrives at a conclusion opposite to that

10 reached by the Supreme Court on a question of law, or (2) confronts facts "materially

11 indistinguishable" from relevant Supreme Court precedent and arrives at an opposite result.

12 *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

13      Moreover, under § 2254(d)(1), "a federal habeas court may not issue the writ simply because

14 that court concludes in its independent judgment that the relevant state-court decision applied

15 clearly established federal law erroneously or incorrectly. Rather, that application must also be

16 unreasonable." *Id.* at 411; *see Lockyer v. Andrade*, 538 U.S. 63, 69 (2003). An unreasonable

17 application of Supreme Court precedent occurs "if the state court identifies the correct governing

18 legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state

19 prisoner's case." *Williams*, 529 U.S. at 407. In addition, a state court decision involves an

20 unreasonable application of Supreme Court precedent "'if the state court either unreasonably

21 extends a legal principle from [Supreme Court] precedent to a new context where it should not

22 apply or unreasonably refuses to extend that principle to a new context where it should apply.'"

23 *Walker v. Martel*, 709 F.3d 925, 939 (9th Cir. 2013) (*quoting Williams*, 529 U.S. at 407).

24

The Anti-Terrorism Effective Death Penalty Act ("AEDPA") requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Further, review of state court decisions under §2254(d)(1) is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen*, 131 S.Ct. at 1398.

## EVIDENTIARY HEARING

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen*, 563 U.S. at 180. A hearing is not required if the allegations would not entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*; *see Cullen*, 563 U.S. at 186. The Court finds it is not necessary to hold an evidentiary hearing in this case because Petitioner's claims may be resolved on the existing state court record.

## DISCUSSION

The Court previously found one of the subgrounds to Ground 1 was unexhausted and procedurally defaulted. *See* Dkt. 11, 13. Ground 2 falls into the same category because Petitioner did not fairly present it to the state appellate courts. He did not raise it on direct appeal, he did not include it in his PRP filed with the state court of appeals, and the first time he presented it to any state court was in his Petition for Discretionary Review filed with the state supreme court.

The Commissioner found Ground 2 was barred from review by the state courts because of a state appellate rule, and Petitioner is now time barred from attempting to exhaust his state court remedies. Thus, Ground 2 is procedurally defaulted and the Court may examine Ground 2 on the merits only if Petitioner has demonstrated cause and prejudice to excuse the procedural default.

## I.    Exhaustion and Procedural Default

A. Exhaustion of State Remedies

Respondent argues Ground 2 was not adequately presented to the state courts before being included in Petitioner's Petition. Dkt. 15. "[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985) (petitioner "fairly presented" the claim to the state supreme court even though the state court did not reach the argument on the merits). It is not enough if all the facts necessary to support the federal claim were before the state courts or if a somewhat similar state law claim was made. *Duncan*, 513 U.S. at 365-66 (citing *Picard*, 404 U.S. at 275; *Anderson v. Harless*, 459 U.S. 4 (1982)). Petitioner must include reference to a specific federal constitutional guarantee, as well as a statement of the facts entitling Petitioner to relief. *Gray v. Netherland*, 518 U.S. 152, 162-163 (1996); *Insyxiengmay v. Morgan*, 403 F.3d

657, 668 (9th Cir. 2005). Petitioner bears the burden of proving he has exhausted available state remedies, and retains the burden to prove all facts relevant to the exhaustion requirement. *See Rose v. Lundy*, 455 U.S. 509, 520 (1982); 28 U.S.C. § 2254(b)(1)(A).

Here, Petitioner failed to adequately exhaust Ground 2, with the state courts. Plaintiff first raised prosecutorial misconduct claims in his SAG which he submitted with his direct appeal. Dkt. 8, Ex. 10 at p. 4. However, in his SAG, the prosecutorial misconduct claims Petitioner raised were different than those raised in Ground 2. *Id*. The state court of appeals rejected Plaintiff's prosecutorial misconduct claims on direct appeal. Dkt. 8, Ex. 12 at p. 21. Petitioner did not seek discretionary review from the state supreme court, and thus no prosecutorial misconduct claim was presented to the state supreme court on Petitioner's direct appeal. *See* Dkt. 8, Ex. 15.

Petitioner later filed a PRP, raising two grounds for relief: (1) the trial court erred by not allowing introduction of L.H.'s cell phone records and text messages; and (2) Petitioner received ineffective assistance of counsel at trial. DKt. 8, Ex. 22 at pp. 4-12. He also stated that he was actually innocent of the crime for which he was convicted, but did not provide supporting argument or evidence other than to state L.H.'s testimony was false. *See id*. at 3, 5, 10, 15. The state court of appeals rejected Petitioner's arguments and dismissed Petitioner's PRP. Dkt. 8, Ex. 26. In his Petition for Discretionary Review to the state supreme court, Petitioner again raised his ineffective assistance claim, but also included a claim regarding prosecutorial misconduct, different than that raised on direct appeal but the same as Ground 2 raised in this Petition, for the first time. Dkt. 8, Ex. 28 at pp. 15-20. He argued the prosecutor at his trial presented false evidence and failed to disclose impeachment evidence in the form of phone records, text messages, and police records. *Id*. In the State's Response to Petitioner's PRP, the State argued Petitioner had not raised the prosecutorial misconduct issue at the state court of appeals, and so

review by the state supreme court was improper. Dkt. 8, Ex. 32 at pp. 3-4. The State also submitted a Motion to Strike, asking the state supreme court to strike the portions of the PRP not raised with the state court of appeals, including Petitioner's prosecutorial misconduct claim. Dkt. 8, Ex. 33.

The Commissioner granted the State's Motion to Strike when denying Petitioner's PRP:

> The State moves to strike the portions of Mr. Bunker's motion that are presented in this court for the first time. This Court will not consider arguments first raised here on review of a Court of Appeals decision. *State v. Halstein*, 122 Wn.2d 109, 130 (1993). Accordingly, the motion is granted with respect to Mr. Bunker's prosecutorial misconduct arguments and his arguments that counsel was ineffective in failing to properly investigate potential impeachment witnesses.

Dkt. 8, Ex. 35 at pp. 2-3 (parallel citations omitted).The Commissioner then addressed Petitioner's properly raised claims on their merits. *Id*. at pp. 3-5. Petitioner did not move to modify the Commissioner's ruling, and the state court of appeals entered a certificate of finality on January 26, 2018. Dkt. 8, Ex. 36.

Here in Ground 2, Petitioner has argued the prosecutor committed prosecutorial misconduct by withholding evidence from the defense. Dkt. 3, p. 11. However, the Commissioner noted Petitioner raised that argument, the same as Ground 2, for the first time when he filed a Motion for Discretionary Review with the state supreme court. Dkt. 8, Ex. 35 at pp. 2-5. He failed to raise Ground 2 with the state court of appeals in his PRP, so the state court of appeals did not have the opportunity to analyze it before it was presented to the state supreme court. Because the state court of appeals did not have an opportunity to analyze the claim, the Commissioner declined to analyze it on procedural grounds. In addition, the prosecutorial misconduct claim raised in Petitioner's direct appeal was different than that raised in Ground 2, again depriving the state courts of the opportunity to analyze Ground 2. Thus, it cannot be said that Petitioner fairly provided the state courts with "one full opportunity" to resolve his claims

without federal interference. *O'Sullivan*, 526 U.S. at 838. Because Petitioner has failed to invoke one complete round of the state courts' review process as to Ground 2, this ground was not properly exhausted.

B. Procedural Default

Ground 2 is also procedurally defaulted. A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 729-35 (1991); *Murray v. Carrier*, 477 U.S. 478, 490-92 (1986). State courts may decline to review a claim based on a state procedural rule. *See Wainwright v. Sykes*, 433 U.S. 72, 81-83 (1977). Federal courts hearing habeas petitions may not review state convictions, even for federal constitutional claims, if the state court's decision procedurally barring the petitioner's claims rests on an "independent and adequate" state law ground. *Coleman*, 501 U.S. at 729; *Franklin v. Johnson*, 290 F.3d 1223, 1230-31 (9th Cir. 2002) (procedural default rule bars consideration of a federal claim when it is clear the state court has been presented with the federal claim but declined to reach the issue for procedural reasons). The resulting bar can be express or implied. A state court invokes an express procedural bar by explicitly referring to a state rule or procedure to deny a petitioner's claim, or by referring to a case or phrase that invokes the applicable rule. *See, e.g., Zichko v. Idaho,* 247 F.3d 1015, 1021 (9th Cir. 2001) (rule); *Park v. California,* 202 F.3d 1146, 1149 (9th Cir. 2000) (case). An implied procedural bar exists when a petitioner has failed to fairly present his claims to the highest state court and would now be barred from returning to do so by an adequate, independent, and mandatory state procedural rule. *Moreno v. Gonzalez,* 116 F.3d 409, 411 (9th Cir. 1997). Procedural default is an affirmative defense, and Respondent has

1   the burden of showing that the default constitutes an adequate and independent ground.

2   *Insyxiengmay*, 403 F.3d at 665-66.

3          Here, Petitioner's claim under Ground 2 that the prosecutor committed misconduct

4   during his trial is barred under Washington law. The Commissioner expressly found Ground 2

5   was procedurally barred because Petitioner failed to raise it first with the state court of appeals

6   before presenting it to the state supreme court. *See* Dkt. 8, Ex. 35. Petitioner did not move to

7   modify the Commissioner's ruling, and the state court of appeals entered a certificate of finality

8   on January 26, 2018. Dkt. 8, Ex. 36. Thus, the Commissioner has already applied an adequate

9   and independent bar against Ground 2.

10         Further, Washington courts are barred from examining a second PRP as successive if it is

11  based on similar grounds to a previous PRP. RCW 10.73.140. Petitioner timely filed his PRP

12  with the state court of appeals on January 5, 2016, but did not initially raise Ground 2, instead

13  not raising it until he filed his petition for discretionary review with the state supreme court. Dkt.

14  8, Exs. 22, 29. Thus, even if Petitioner filed a new PRP raising Ground 2, it would be a second

15  PRP based on similar grounds to his previous PRP and so would be barred as second and

16  successive by an adequate, independent, and mandatory state procedural rule. *See Huynh v.*

17  *Meusborn-Marsh*, 2015 WL 744364, at *6 (W.D. Wash. Oct. 1, 2015) *report and*

18  *recommendation adopted* 2015 WL 7458660 (finding procedural default when a prisoner would

19  be barred from exhausting his state court remedies because a new PRP would be successive

20  under RCW 10.73.140).

21         Finally, the law in the State of Washington requires a PRP be filed within one year after

22  the challenged judgment becomes final. RCW 10.73.090. A judgment becomes final under this

23  statute on the latest date out of: (1) the date the judgment is filed with the clerk of court; (2) the

24  date an appellate court issues its mandate on direct review; or (3) the date the United States

Supreme Court denied certiorari. RCW 10.73.090(3). Petitioner's operative Felony Judgment and Sentence was entered on May 8, 2015 and became final on August 25, 2016, the date the state court of appeals issues its mandate. *Id.*, Exs. 17, 21. Petitioner thus had until August 25, 2017 to file a PRP including Ground 2. Though Petitioner initially filed a timely PRP, he did not include Ground 2 and so more than one year has now passed since Petitioner's conviction became final. Even if he filed a new PRP now, it would be untimely under an adequate, independent, and mandatory state procedural rule. *See Wade v. Mason*, 2017 WL 1088387, at *8 (W.D. Wash. Feb. 15, 2017) *report and recommendation adopted* 2017 WL 1079997 (finding procedural default when a prisoner would be barred from exhausting his state court remedies because any new PRP would be untimely under RCW 10.73.090). Thus, because Petitioner failed to adequately raise Ground 2 to the state supreme court and is now procedurally barred from doing so, Ground 2 is procedurally defaulted.

The procedural default will be excused and a petitioner will be entitled to federal habeas corpus review if he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice[.]" *See Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998) (*citing Coleman*, 501 U.S. at 750). To establish "cause," a petitioner must show some objective factor external to the defense prevented him from complying with the state's procedural rule. *Coleman*, 501 U.S. at 753 (citing *Murray v. Carrier,* 477 U.S. 478, 488 (1986)). To show "prejudice," a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

1    Only in an "extraordinary case" may the habeas court grant the writ without a showing of

2    cause and prejudice to correct a "fundamental miscarriage of justice" where a constitutional

3    violation has resulted in the conviction of a defendant who is actually innocent. *Murray,* 477

4    U.S. at 495-96. To demonstrate he suffered a fundamental miscarriage of justice, viewing all the

5    evidence in light of new, reliable evidence, the petitioner must show "it is more likely than not

6    that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v.*

7    *Bell*, 547 U.S. 518, 537 (2006) (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). "To be

8    credible, such a claim requires petitioner to support his allegations of constitutional error with

9    new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness

10   accounts, or critical physical evidence." *Schlup*, 513 U.S. at 324. Innocence in this context

11   "means *factual* innocence, not mere *legal* insufficiency." *Bousley v. United States,* 523 U.S. 614,

12   623–24 (1998) (emphasis added).

13       Here, Petitioner argues he is excused from procedural default pursuant to an exception to

14   procedural default articulated in *Martinez v. Ryan*, 566 U.S. 1 (2012). Dkt. 16, p. 5. Initially, the

15   Court notes the Supreme Court did provide an exception to procedural default in *Martinez*,

16   stating "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish

17   cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*,

18   566 U.S. at 9. However, the Court further notes the *Martinez* exception is limited only to claims

19   of ineffective assistance of counsel and the Supreme Court has expressly declined to extend the

20   exception outside of that context. *See Davila v. Davis*, 137 S. Ct. 2058, 2062-63 (2017). Here,

21   since the Court has already dismissed Ground 1, the only remaining ground in this Petition is

22   Ground 2. *See* Dkt. 11, 13. Since Ground 2 is not an ineffective assistance of counsel claim,

23   *Martinez* does not apply and he cannot use the *Martinez* exception to excuse his procedural

24   default.

Petitioner also argues the statement the prosecutor made to the jury was prejudicial to his case, thus allowing the Court to excuse his procedural default. However, Petitioner has not provided new and reliable evidence showing that no reasonable juror could have convicted Petitioner. Rather, Petitioner argues the State's alleged failure to turn over phone records and text messages prejudiced Petitioner. Such an argument does not show "actual and substantial" prejudice or that an external factor outside Petitioner's control prohibited him from properly raising Ground 2 to the state courts. Thus, he has not made the showing required for the Court to make the extraordinary finding that there was a fundamental miscarriage of justice in his case, and Petitioner has not provided the exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence necessary to demonstrate actual innocence and excuse his procedural default. *See*, *e.g.*, *Reyes-Brooks v. Obenland*, 2015 WL 1424234, at *5 (W.D. Wash. March 27, 2015) (finding a failure to provide evidence of actual innocence or otherwise show cause and prejudice to excuse procedural default).

Therefore, the Court finds Ground 2 is unexhausted and procedurally defaulted, and Petitioner has not shown cause and prejudice to excuse the procedural default. Accordingly, the Court recommends Ground 2 be dismissed. *See generally Casey v. Moore*, 386 F.3d 896 (9th Cir. 2004).[1]

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability

---

[1] Respondent also argues Ground 2 fails on the merits. As the Court has determined Ground 2 is unexhausted and procedurally defaulted, the Court declines to address the merits of Ground 2.

REPORT AND RECOMMENDATION - 15

1    may issue . . . only if the [petitioner] has made a substantial showing of the denial of a

2    constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating

3    that jurists of reason could disagree with the district court's resolution of his constitutional

4    claims or that jurists could conclude the issues presented are adequate to deserve encouragement

5    to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*,

6    529 U.S. 473, 484 (2000)). No jurist of reason could disagree with this Court's evaluation of

7    Petitioner's claims or would conclude the issues presented in the Petition should proceed further.

8    Therefore, the Court concludes Petitioner is not entitled to a certificate of appealability with respect

9    to this Petition.

10    <u>CONCLUSION</u>

11        For the reasons set forth above, the Court recommends Petitioner's Petition be denied. No

12    evidentiary hearing is necessary and a certificate of appealability should be denied.

13        Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

14    fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

15    6. Failure to file objections will result in a waiver of those objections for purposes of de novo

16    review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

17    imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

18    March 15, 2019, as noted in the caption.

19

20        Dated this 27th day of February, 2019.

21

22                               _____

                                   David W. Christel

23                                  United States Magistrate Judge

24