UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LEO B. BUNKER,

                Petitioner,

v.

JERI BOE,

                Respondent.

CASE NO. C18-5243 BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge, Dkt. 17, and Petitioner Leo B. Bunker's ("Bunker") motion to appoint counsel, Dkt. 18.

## I. FACTUAL AND PROCEDURAL HISTORY

On March 26, 2018, Bunker filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Dkt. 1. On September 12, 2018, Judge Christel issued a R&R recommending this Court deny the petition. Dkt. 11.

On December 13, 2018 the Court adopted the R&R in part, denying Bunker's ineffective assistance of counsel claims but referring a newly-raised prosecutorial misconduct claim back to Judge Christel. Dkt. 13.

ORDER - 1

On February 27, 2019, Judge Christel issued the instant R&R concluding that the prosecutorial misconduct claim is procedurally barred and recommending that the Court deny Bunker's petition with prejudice. Dkt. 17 at 2. Judge Christel directed the parties to file written objections within fourteen days of service of the R&R. *Id.* at 16 (citing 28 U.S.C § 636(b)(1) and Fed. R. Civ. P. 72(b)).

On March 11, 2019, Bunker filed a motion to appoint counsel. Dkt. 18. On March 25, 2019, Respondent Jeri Boe ("Boe") responded in opposition. Dkt. 19.

## II. DISCUSSION

### A. Motion to Appoint Counsel

Under the Criminal Justice Act, the court may appoint counsel for a § 2254 petitioner whenever "the interests of justice so require." 18 U.S.C § 3006A(a)(2)(B); *see also* 18 U.S.C. § 2254(h). A petitioner in collateral postconviction review proceedings has no constitutional right to representation. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

If his motion is construed liberally, Bunker asserts that counsel is needed to help articulate the truth of his prosecutorial misconduct claim, in which he contends the prosecutor at his trial improperly suppressed victim phone records that supported acquittal. Dkt. 18 at 1–2; *see also* Dkt. 3 at 11. As the R&R discusses, however, Bunker failed to raise prosecutorial misconduct in a direct appeal or a personal restraint petition filed in the Washington courts, raising it for the first time in a petition seeking review of the denial of his personal restraint petition. Dkt. 17 at 4. Because Bunker failed to fairly present the issue to the state appellate courts and now would be time barred from doing

so, the R&R properly concluded that the prosecutorial misconduct claim was unexhausted and procedurally defaulted. *Id.* at 7–15; *see generally Casey v. Moore*, 386 F.3d 896 (9th Cir. 2004). Considering the posture of this claim, Bunker fails to demonstrate that the interests of justice require the appointment of counsel. Therefore, the Court declines to appoint counsel to represent Bunker.

Moreover, the Rules Governing Section 2254 Cases in the United States District Courts do not contemplate the appointment of counsel absent the court's grant of an evidentiary hearing or discovery. Rule 6(a), 8(c) of the Rules Governing Section 2254 Cases. This Court previously denied Bunker's petition on the ineffective assistance of counsel claims. Dkt. 13. Because the Court adopts the R&R in entirety on the prosecutorial misconduct claim as indicated below, no evidentiary hearing or discovery is needed to resolve the petition, meaning representation for Bunker is unnecessary as well. Accordingly, Bunker's motion to appoint counsel is denied.

**B.     R&R**

Bunker's motion for counsel raises broad objections to the R&R. *See* Dkt. 18 at 8 (concluding with "So I contest all the proceeding[s] and challenge all decision[s] made by this Court and once again ask for an attorney as I still don't know how any of this works."). The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.  Fed. R. Civ. P. 72(b)(3).

As indicated above, Judge Christel properly concluded that Bunker's petition should be dismissed. Dkt. 17. While Bunker may object to the adverse disposition recommended by the R&R, he fails to identify any issue not adequately and appropriately addressed by it. For example, while Bunker restates conclusory allegations seeking to point to holes in the evidence against him, Dkt. 18 at 1–4, he does not identify any reason to disturb the R&R's conclusion that because he failed to raise the prosecutorial misconduct claim in the state appellate courts, his petition should be dismissed. Bunker's objections to the R&R are therefore without merit.

The Court having considered the R&R, Bunker's motion to appoint counsel, Boe's response, and the remaining record, does hereby find and order as follows:

(1) Bunker's motion to appoint counsel, Dkt. 18, is **DENIED**.

(2) The R&R is **ADOPTED**;

(3) Bunker's federal habeas petition is **DISMISSED** with prejudice;

(4) A certificate of appealability is **DENIED**;

(5) Bunker's *in forma pauperis* status is **REVOKED** on appeal; and

(6) The Clerk shall enter **JUDGMENT** and close the case.

Dated this 4th day of April, 2019.

BENJAMIN H. SETTLE
United States District Judge